*409 The opinion'of the'Court was'delivered’by'
Glover, J.
By the sheriff’s bill .of sale, Bob was legally transferred to W. E. Richardson, and the purchase-money was applied to the satisfaction of judgments against Thomas Garrett. To impeach the title for fraud, the defendant must show that W. E. Richardson purchased with a secret intent of defeating the claims of creditors, But all the facts of this case directly contradict such a conclusion; Richardson was not a creditor, the- sale was public, -and the possession óf Thomas Garrett, which immediately followed, was consistent with fair dealing. That a stranger permits property to go into the possession of another, from benevolent motives, cannot be regarded ft badge of fraud. After judgment creditors have appropriated the fruits of a first sale, they may not afterwards recapture the property in the hands- of bona fide purchasers, and resell it in satisfaction of their debts. • ■
While the title continued in Richardson and the possession in Thomas Garrett, the circumstances of this case are in no respect different from-the case of Kidd vs. Rawlinson, 2 Bos. & Pull. 59. B. became the purchaser of A.’s goods, which were sold by the sheriff; he took a bill of sale and permitted them to remain in A.’s possession. A- afterwards executed a bill'of sale of the same goods to 0., a creditor, who took possession ; whereupon B. brought an action against C., and it was held that he was entitled to recover. Lord Eldon, C. J., says: “ It ¿ppears to me that this case does not fall within the.principle of Twine’s case, 3 Rep. 80, and the other cases on this subject, where the parties stood in the relation of .debtor arid, creditor, and where their object was to defeat other creditors. This seems to me a new case; for here the goods were purchased at a public sale by a person who had never acquired the character of a creditor, and were then lent to the original owner for a temporary and honest purpose.”
But it was argued, that when Thomas Garrett refunded the purchase-money and interest, and at his request Richardson *410 transferred Bob by bill of sale to the plaintiff, it was with a fraudulent purpose to prevent the payment of his debts. It may be that the amount refunded to Richardson was the money of Thomas Garrett; but has the legal title to Bob ever been in Thomas Garrett, and has he ever had such a legal interest in him as would be subject to levy and sale under a fieri facias? His possession, while the title was in Richardson, was never adverse to Richardson’s right of property; and his possession, after the title passed to the plaintiff, who was an infant, will be intended to be a possession as guardian.
On refunding the purchase-money and interest, if Bob had been conveyed to the plaintiff in trust for Thomas Garrett, with the view of protecting him from his creditors, they might reach such a trust in Equity, and if within the 29 Car. 2, by an execution at law. If a trust resulted in favor of Thomas Garrett, it is not the subject of levy and sale. Bauskett vs. Holsonback, 2 Rich. 624.
• Whether the possession of Thomas Garrett conferred a title, and whether there was any fraud in the transaction which could defeat the legal rights of the plaintiff, were submitted to the jury by the Circuit Judge, with proper instructions, and we are satisfied with their verdict.
Motion dismissed.
O’Neall, Wardlaw, Withers, Whitner, and Munro, JJ., concurred.

Motion dismissed.